**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS RODRIGUEZ,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 25-3859** |
| | : | |
| **COACTION SPECIALTY** | : | |
| **INSURANCE SERVICES, LLC,** | : | |
| *Defendants.* | : | |

**<u>MEMORANDUM</u>**

**HON. JOSÉ RAÚL ARTEAGA**                                              **February 24, 2026**
**United States Magistrate Judge[1]**

Plaintiff Luis Rodriguez has sued Defendant Coaction Specialty Insurance

Services, LLC, for alleged bad faith in violation of 42 Pa. Cons. Stat. § 8371 (Count I),

alleged breach of contract (Count II), and alleged breach of the implied duty of good faith

and fair dealing (Count III).[2]  (*See* ECF 1.)  Rodriguez alleges that he "was an intended

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c). (*See* ECF 20.)

[2] Rodriguez's Complaint alleges that the "Court has original jurisdiction" over his claims under "28 U.S.C. § 1321." (ECF 1 ¶ 2.)  This statutory provision does not exist.  If he meant to allege that the Court has federal question jurisdiction under 28 U.S.C. § 1331, he asserts no federal question.  Perhaps, Rodriguez instead meant to allege that the Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332. Even then, diversity jurisdiction is not properly alleged as his Complaint does not identify whether Coaction is a sole member entity or, if not, it does not state the identity and citizenship of any member entities. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("The citizenship of an LLC is determined by the citizenship of its members.  And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.") (citation

third-party beneficiary of" an insurance policy that Coaction issued to Vision Solar, LLC. (ECF 1 ¶ 45.)  He also alleges that he entered into a contract with Vision Solar "to provide solar panel equipment and services at his home" and that Vision Solar failed to adhere to the contract, failed to provide services in a workmanlike manner, and damaged his property.  (*Id.* ¶¶ 7, 15.)  He alleges that after he attempted "to communicate with Vision Solar on multiple occasions without a response," he filed an insurance claim with Coaction seeking coverage for his alleged losses. (*Id.* ¶ 26.)  His asserted claims arise out of Coaction's alleged failure to provide the requested coverage.

Coaction previously moved to dismiss Rodriguez's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Rodriguez could not directly assert claims against it.  (ECF 6.)  In a footnote order, District Judge John M. Gallagher denied the Motion, explaining that "Pennsylvania law recognizes that an injured party can sue the tortfeasor's insurer directly *if* a provision in the [relevant insurance] policy creates that right." (ECF 16 n.1.)  The Court held that Rodriguez's claims survived Coaction's Motion to Dismiss because he pleaded that he was insured under Coaction's policy and that he was an intended third-party beneficiary of the policy.  (*Id.*)

---

modified). Without that information, the Court cannot determine whether complete diversity exists.  A case is properly dismissed for lack of subject matter jurisdiction when the Court does not have either the "statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002).  So, even if the Court were not going to dismiss Rodriguez's Complaint for the reasons set forth elsewhere in this Opinion, it would still dismiss it for failure to properly allege a basis for the Court's exercise of either original or diversity jurisdiction over his claims.  *See* Fed. R. Civ. P. 12(h)(1)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added).

Declining to look beyond the Complaint's four corners, the Court explained that it was too soon to determine whether the governing insurance policy covered Rodriguez's claims or not.  (*Id.*)

Thereafter, Coaction filed an Answer in which it denies that it "insured Vision Solar, or that it otherwise provided insurance coverage to Vision Solar."  (ECF 17 ¶ 11.) Rodriguez then filed a motion seeking a stay of these proceedings to allow him "to obtain a judgment against" Vision Solar to allow him to "amend his Complaint in this action to include a claim against [Coaction] under" Pennsylvania's Insurance Insolvency Act, 40 P.S. § 117, which allows an injured party to bring a direct action against a tortfeasor's insurer to collect on a judgment under specific, limited circumstances. (ECF 19 at 1.)  In his Motion, Rodriguez maintains that the Court should use its inherent power to stay this case to "save time and effort" for all involved and contends that he will be able to obtain default judgment against Vision Solar by March 31, 2026. (ECF 19 at 2-3.)

This case was reassigned to me after the parties consented to the jurisdiction of a United States Magistrate Judge. (*See* ECF 20, 21.)  Now, Coaction opposes Rodriguez's request for a stay and moves again to dismiss Rodriguez's Complaint against it, in its entirety, without prejudice. (*See* ECF 23.)  Coaction argues, in part, that Rodriguez's claims against it are not ripe, noting his concession that he "does not have the judgment against Vision Solar" that would be "required to move under the Insolvency Act." (*Id.* at 4.)  Coaction states that it moves under Federal Rule of Civil Procedure 12(c) (*see* ECF 23-3), while Rodriguez complains that Coaction's motion is an impermissible successive motion to dismiss under Rule 12(b). (ECF 26-1 at 3.)  As Coaction's motion seeks to

dismiss Rodriguez's claims because they "are not ripe (*i.e.*, are non-justiciable)," neither party pinpoints the correct rule in their papers. (ECF 23 at 2.)

"The ripeness doctrine serves to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy its constitutional and prudential requirements." *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (citation modified). The doctrine helps courts avoid giving an "opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation modified). "A challenge to the ripeness of an action for adjudication is appropriately brought as a motion to dismiss for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *Save Ardmore Coal. v. Lower Merion Twp.*, 419 F. Supp. 2d 663, 669 (E.D. Pa. 2005); *see also Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir. 1993) ("Because ripeness affects justiciability, we believe that unripe claims should ordinarily be disposed of on a motion to dismiss, not summary judgment."); *Fernicola v. Borough of Point Pleasant Beach*, No. 22-6971, 2025 WL 1245834, at *3 (D.N.J. Apr. 30, 2025) ('[R]ipeness is a jurisdictional issue."). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can *never* be forfeited or waived," so Coaction's motion is not barred. *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis added). Said otherwise, "[a] challenge to subject matter jurisdiction may be raised at any point in the litigation." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). A court *must* dismiss any claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(1)(3).

Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (citation modified); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ('[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6) . . . ."). "[A] factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig*, 836 F.3d at 268. It "strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Id.* "[U]nder a particular set of circumstances there can be a lack of clarity surrounding the application of the facial and factual challenges definitions. That is, the difference between the two forms of challenges is sometimes difficult to discern." *In re Affirmative Ins. Holdings, Inc.*, 565 B.R. 566, 579 (Bankr. D. Del. 2017). *But see Berger v. Cushman & Wakefield of Pa., Inc.*, No. 13-5195, 2016 WL 8716244, at *2 (E.D. Pa. Mar. 11, 2016) ("[A] ripeness challenge is a facial attack . . . ."). Here, whether Coaction's motion presents a facial challenge or a factual challenge ultimately is not determinative. Even considering Rodriguez's Complaint under Rule 12(b)(6)'s plausibility analysis with the added deference due to his allegations, he has not met his burden to show that subject matter jurisdiction exists. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Rodriguez has not alleged

5

sufficient facts to "nudge [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To proceed against Coaction directly Rodriguez must either show that a provision of an insurance policy allows him to do so "or a statute create[s] such a right." *Apalucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 632 (3d. Cir. 1998). In this case, to establish the latter, Rodriguez would need to show that he can proceed against Coaction under 40 P.S. § 117, the Insolvency Act, based on a judgment that has been entered in his favor against Solar Vision. *See Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999). Rodriguez has neither shown that there is an insurance policy provision that enables him to sue Coaction directly nor that he is ready to proceed against Coaction pursuant to the Insolvency Act.

With respect to the first way that Rodriguez can pursue a direct claim against Coaction, he has not set forth sufficient facts to plausibly allege that he is an intended third-party beneficiary of any insurance policy that Coaction issued to Vision Solar.[3] He alleges that as part of his contract with Vision Solar, "Vision Solar agreed to carry comprehensive general liability insurance, including contractor's protective and completed operations, covering bodily injury and property damages with a combined single limit of $1,000,000." (ECF 1 ¶ 8 (citation modified) (quoting ECF 1-1, § 5.1).) He also alleges that Coaction identified itself to him "as the provider of Vision Solar's general

---

[3] To the extent that Judge Gallagher's ruling on Coaction's prior motion to dismiss held otherwise, the law of the case doctrine "does not limit the power of trial judges from reconsidering issues previously decided by a predecessor judge from the same court." *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017).

liability insurance policy." (ECF 1 ¶ 9.)  Rodriguez then alleges that he is "clearly entitled as a third party beneficiary under the Policy between Defendant and Vision Solar" to recover damages from Coaction as a result of Coaction's alleged bad faith failure to pay him for Vision Solar's alleged faulty solar panel installation. (*Id.* ¶ 33.)  He also alleges, conclusorily, that Coaction "breached its contract with Vision Solar and intended third-party beneficiary" Rodriguez "by refusing to provide full coverage for" Rodriguez's alleged losses.  (*Id.* ¶ 43.)  Finally, he alleges, without further supporting facts, that "[t]here did exist a contractual relationship between" Coaction and himself, "namely that [Rodriguez] was an intended third-party beneficiary of the Policy between Defendant Coaction and Vision Solar." (*Id.* ¶ 45.)

There are two ways to establish intended third-party beneficiary status in Pennsylvania.  First, Rodriguez may qualify as an express third-party beneficiary if he alleges facts to show that "*both* contracting parties," *i.e.* Vision Solar *and* Coaction, "have expressed an intention that" Rodriguez is a beneficiary of the relevant policy "*and* that intention . . . affirmatively appear[s] in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992) (emphasis added).  His Complaint does not plead facts sufficient to show that Coaction expressed an intention to make him a beneficiary of a policy that it issued to Vision Solar, as would be required to make his alleged third-party beneficiary status plausible under this theory.  *See, e.g. Holovich v. Progressive Specialty Ins. Co.*, 600 F. Supp. 3d 572, 579 (E.D. Pa. 2022) (finding that the Plaintiff's "conclusory averment" that he was "an intended third-party beneficiary" of an insurance policy could not save his claim from dismissal where the complaint made no allegation that the insurance "policy

contained any provision expressly providing that an injured party could pursue a claim against" the defendant insurer).

Alternatively, the Pennsylvania Supreme Court has adopted Section 302 of the Restatement (Second) of Contracts as a further "guide for analysis of third party beneficiary claims." *Scarpitti*, 609 A.2d at 149. To satisfy Section 302, the relevant insurance policy need not "expressly state that [Rodriguez] is intended to be a beneficiary." *Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005). However, Rodriguez must allege sufficient facts to show that (1) the recognition of his right to proceed as a third-party beneficiary is appropriate to effectuate the intention of Coaction and Solar Vision and (2) "the circumstances are so compelling that recognition of" Rodriguez's alleged "right is appropriate to effectuate [their] intention" and "the performance satisfies an obligation of [Vision Solar] to pay money to [Rodriguez] or the circumstances indicate that [Vision Solar] intends to give [Rodriguez] the benefit of the promised performance." *Scarpitti*, 609 A.2d at 150-51.  Rodriguez, however, sets forth no non-conclusory allegations to show that "the circumstances of this case are so compelling that deviation from the general rule rejecting third party beneficiary status in the absence of an express intention is justified." *Hensley v. CNA*, No. 19-2837, 2020 WL 377014, at *3 (E.D. Pa. Jan. 23, 2020) (internal quotation omitted); *see also Adams v. State Farm Fire & Cas. Co.*, No. 24-5926, 2025 WL 1933702, at *5 (E.D. Pa. July 14, 2025) (dismissing a complaint where the plaintiff did not allege sufficient facts to qualify as an express third-party beneficiary or "plead facts from which it can be plausibly inferred that [she wa]s a third party beneficiary under the less stringent Restatement test"); *Ho v. Integon Nat'l Ins. Co.*,

8

No. 21-831, 2022 WL 3088096, at *7 (M.D. Pa. Aug. 3, 2022) (dismissing the plaintiff's insurance-contract related claims against an insurer where he "alleged no facts from which the Court may infer that [the insurer] or [its insured] intended for him to benefit from the" underlying policy); *Kirschner v. K & L Gates LLP,* 46 A.3d 737, 762 (Pa. Super. Ct. 2012) (explaining that the party seeking status as a third-party beneficiary "must show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed").

Perhaps recognizing the fragility of his third-party beneficiary allegations after Coaction filed its Answer asserting that it "did not issue a policy of insurance to Vision Solar"[4] (ECF 17 ¶ 10), Rodriguez now asks the Court for a stay so that he may take steps to proceed directly against Coaction via a right created by statute. *See Apalucci*, 145 F.3d at 632. In Pennsylvania, "only one statute allows a third party to bring a direct action against an insurer for a claim arising out of the actions of the insured:" the Insolvency Act. *Kollar*, 176 F.3d at 181 (citation modified). Rodriguez notes that Vision Solar is in the midst of a voluntary Chapter 7 bankruptcy proceeding in the District of New Jersey and asks the Court to pause this case to obtain relief from the automatic bankruptcy stay arising from that proceeding to permit him to seek a "judgment against Vision Solar, LLC for the damages to his property" and then amend his Complaint to include a claim against

---

[4] Coaction's Answer attaches an insurance policy that a non-party—Gotham Insurance Company—issued to Vision Solar and asserts that Rodriguez is not insured under it. (ECF 17 ¶ 10, 17-1.)

Coaction arising under the Insolvency Act. (*See* ECF 19 at 2.) Rodriguez's request for a stay illuminates the prematurity of this action against Coaction.

To begin, his Complaint does not yet even assert a claim against Coaction pursuant to the Insolvency Act. (*See* ECF 1.) Moreover, an injured party may only proceed under the Insolvency Act when:

> (1) the insured is insolvent; (2) an accident or other covered event has occurred; (3) the insured is liable for the accident; (4) *a judgment has been entered against the insured*; (5) the third party has unsuccessfully sought to execute the judgment against the insured; and (6) the insurance company is a liability insurer for the insured.

*Kollar*, 176 F.3d at 181 (emphasis added); *see also Mancini v. State Farm Fire & Cas. Co.*, 957 F. Supp. 2d 559, 562 (E.D. Pa. 2013) (same). In moving for a stay, Rodriguez concedes that he has yet to obtain any judgment against Vision Solar. Absent any such judgment, he cannot plausibly allege that he has met the fourth or fifth requirements set forth in *Kollar*, and any claim he might seek to pursue directly against Vision Solar's insurer under the Insolvency Act is not ripe for adjudication. "[I]t rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."[5] *Texas v. United States*, 523

---

[5] Even if Rodriguez could allege a ripe and valid claim against Coaction pursuant to the Insolvency Act based on an existing judgment against Solar Vision, Section 117 would not permit him to pursue a bad faith claim against Coaction. *See Riley v. Mut. Ins. Co.*, No. 17-489, 2019 WL 9596537, at *9 (E.D. Pa. Jan. 8, 2019) (finding a plaintiff had not pleaded standing under the Insolvency Act in his complaint for "strategic reasons" because "the statute does not permit a judgment creditor to assert *bad faith claims* against his tortfeasor's insurance company"), *aff'd*, 805 F. App'x 143, 149 (3d Cir. 2020); *see also Blair v. Ranger Ins. Co.*, No. 95-8025, 1996 WL 67613, at *2 (E.D. Pa. Feb. 13, 1996) ("[A]n insurer owes no duty of good faith dealing to third party claimants."); *Johnson v. Beane*, 664 A.2d 96, 99 n.3 (Pa. 1995) (questioning, in *dicta*, "whether a judgment creditor can in fact bring a civil bad faith action against a judgment debtor's insurer since the latter owes no duty to the judgment creditor and has no contractual relationship with her" and

U.S. 296, 300 (1998) (citation modified); *see also Trump v. New York*, 592 U.S. 125, 131 (2020) (same). The Insolvency "Act only applies if a judgment has been obtained against an insured, and then only if execution is returned unsatisfied because of the insured's insolvency or bankruptcy. That bridge has not yet been crossed." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 223 (3d Cir. 2005).

Rodrigez explains that, in the Chapter 7 proceeding he "has filed a Motion Seeking Relief" from the automatic bankruptcy stay and, once he is granted relief from that stay — assuming, of course, that that will happen — he "*intends to* file a Complaint in the Pennsylvania state courts seeking judgment against Vision Solar, LLC for the damages to his property" and, *if* he obtains a judgment in that yet-to-be filed future action, he "*would*" then be able to amend his Complaint in this action to "defeat any argument" that he cannot "proceed in this action directly against" Coaction. (ECF 19 at 2 (emphasis added).) This sequence presents the "speculation, layered upon speculation, upon speculation" that Coaction cautions is "highly dubious." (ECF 23 at 3.) A case that "is riddled with contingencies and speculation" is one where judicial resolution of any dispute would be premature. *Trump*, 592 U.S. at 131, 134 (remanding "with instructions to dismiss for lack of jurisdiction" where the plaintiff's claims were not ripe).

Article III of the United States Constitution requires federal courts to hear claims only where a live case or controversy exists. U.S. Const. art. III, § 2. Rodriguez's cited

---

explaining that "[t]here is no authority, statutory or otherwise, sanctioning such a cause of action").

11

concerns of judicial economy provide no basis for overriding that requirement upon consideration of the posture of his efforts to pursue a judgment against Solar Vision. *See Leitgeb v. Westport Ins. Corp.*, No. 11-7221, 2012 WL 677174, at *3 (E.D. Pa. Feb. 29, 2012) (dismissing a complaint for failure to sufficiently allege a basis for a direct action under the Insolvency Act where there were no allegations "of any judgment or an attempt to execute it"). *Cf. Floyd v. Wayne Mem'l Hosp.*, No. 24-1046, 2025 WL 3772157, at *3 (M.D. Pa. Dec. 31, 2025) (declining to dismiss a third-party's contingent indemnity and contribution claims where the future action in the case was contingent on the outcome of a *pending* state court case). While Rodriguez might someday be able to pursue a claim against Coaction under the Insolvency Act, that day is not yet here.

For all of these reasons, Rodriguez's Motion for a stay is **DENIED**, Coaction's Cross-Motion to Dismiss his Complaint is **GRANTED**, and Rodriguez's claims against Coaction are **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).[6] Nothing here prevents Rodriguez from filing a new Complaint against Coaction *if* he can cure the deficiencies identified in this Opinion.

An appropriate Order follows.

---

[6] As Rodriguez presents no claim that provides a basis for the Court's exercise of jurisdiction, the Court makes no determination with respect to the parties' other positions, including their positions with respect to whether this case was filed in violation of a pre-existing bankruptcy stay arising out of Vision Solar's bankruptcy proceedings.